UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| CONCETTA TETI-DIVINCENZO and<br>LUIGI TETI, | **REPORT AND<br>RECOMMENDATION** |
| Plaintiffs, | 18-CV-00271-LJV-JJM |
| v. | |
| TARGET CORPORATION, | |
| Defendant. | |

_____

        Plaintiff commenced this action in New York Supreme Court, County of Niagara, for personal injuries sustained when she slipped and fell on water inside defendant Target Corporation's store in Niagara Falls, New York on December 16, 2014. Complaint [1-2], ¶7.[1] On February 20, 2018, Target removed the action to this court, based on diversity of citizenship. Notice of Removal [1]. Following the completion of pretrial discovery ([14], ¶9), Target filed this motion for summary judgment [19], which has been referred to me by District Judge Lawrence J. Vilardo for initial consideration. Having reviewed the parties' submissions [19, 23, 24], for the following reasons I recommend that the motion be granted.

## BACKGROUND

        Plaintiff fell on the tile floor inside Target's store between the checkout area and the guest services counter. Teti-DiVincenzo's Recorded Statement [19-4], p. 7 of 27 (CM/ECF). Plaintiff entered Target's store through the main entrance, and immediately thereafter acquired a shopping cart inside the store. Teti-DiVincenzo Deposition [19-8], pp. 40-41. Plaintiff testified

---

[1]     Bracketed references are to CM/ECF docket entries. Unless otherwise indicated, page references are to the documents themselves rather than CM/ECF pagination. Plaintiff Luigi Teti was dismissed from this action by stipulation. [21].

that she only "touched the [shopping cart] that was in front but could see the others were wet." Id. at p. 41. The record demonstrates that some form of precipitation occurred prior to plaintiff's fall. Id. at pp. 37-38; Pietraszek Deposition [19-9], pp. 25-27. Plaintiff then proceeded to shop throughout the store for at least 20 minutes until she eventually reached the checkout area. Teti-DiVincenzo Deposition [19-8], pp. 42-45. Upon arriving at the checkout area, plaintiff completed her transaction and began walking out of a checkout aisle when she abruptly slipped and fell face first on the tiled floor. Id. at pp. 47, 49-51.

Following her fall, plaintiff was assisted into a chair where she sat disorientated and confused as to how she ended up on the floor. Id. at p. 58. Plaintiff alleges that while sitting in the chair she observed an oblong patch of clear water approximately one foot in diameter in the area where she fell. Id. at pp. 52, 54-56. Although plaintiff claims to have seen the water from a distance, she never touched nor investigated the water. Id. at p. 55. Plaintiff did not observe the water until after she fell and was unaware of the source of the water. Id. at pp. 52-53. Plaintiff also testified that she had no knowledge of how long the water was on the floor for before she fell. Id. at p. 53. More importantly, she never informed nor complained to any employee about water on the floor prior to her fall. Id. at p. 57.

After discovering the water, plaintiff notified the store's "Leader on Duty" ("LOD"), David Pietraszek, that "[t]here's water there. [y]ou should clean it up before someone else falls." Id. at p. 52. Pietraszek stated that he "saw a circle of water, roughly the size of a quarter, that didn't look like it was disturbed." Pietraszek Deposition [19-9], p. 32. Pietraszek testified that he first observed the water after plaintiff brought it to his attention, and that he neither observed any precipitation inside the store nor received any complaints from patrons or employees regarding the presence of water on the floor prior to plaintiff's fall. Id. at pp. 27-30,

32. As LOD, Pietraszek oversaw business operations on the date of the fall. Id. at p. 18. His duties as LOD consisted of "frequently checking in with all of th[e] work centers to make sure daily operations [we]re running accordingly" and preforming "laps throughout the store every hour or every other hour" to inspect the premises. Id. at p. 23. Other employees typically assist with these inspections, check for spills and wipe off carts that are returned from outside. Id. at pp. 17, 28, 38.

The LOD was also responsible for determining whether additional carpeting, fans, and/or cones were necessary if the first 30 to 40 feet of carpet located in the front of the store was holding water. Id. at pp. 17-19, 29. The shopping carts are located approximately 10 to 20 feet inside the store near the front doors. Id. at pp. 20-21. Premises and cart inspections by Target's employees are not recorded. Id. at pp. 28-30, 38-39. Accidents occurring at the store are memorialized in written incident reports. Id. at pp. 39-40. Complaints about water on the floors are not. Id. at p. 29. Plaintiff and Pietraszek were both unaware of any other accidents or falls in Target's store on the day of plaintiff's accident. Id. at p. 39; Teti-DiVincenzo Deposition [19-8], p. 57.

## ANALYSIS

### A. Summary Judgment Standard

"In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant may satisfy th[eir] burden by pointing to an absence of evidence to support an essential element of the nonmoving party's claim." Gummo v. Village of Depew, N.Y., 75 F.3d 98, 107 (2d Cir. 1996). *See also* Feis v. United States, 394 Fed. App'x 797, 798 (2d Cir. 2010); Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986). Therefore, "[a]

defendant need not prove a negative when it moves for summary judgment on an issue that the plaintiff must prove at trial. It need only point to an absence of proof on plaintiff's part". Parker v. Sony Pictures Entertainment, Inc., 260 F.3d 100, 111 (2d Cir. 2001) (*citing* Celotex, 477 U.S at 324) (internal quotations omitted).

However, "[o]nce that burden has been established, the burden then shifts to the non-moving party to demonstrate specific facts showing that there is a genuine issue for trial . . . [and] [t]o carry this burden, the non-moving party must present evidence sufficient to support a jury verdict in its favor." Guerrero v. Lowe's Home Centers, Inc., 462 F.Supp.2d 399, 406 (W.D.N.Y. 2006), aff'd, 254 Fed. Appx. 865 (2d Cir. 2007) (Summary Order). *See also* Celotex, 477 U.S. at 322.

**B. Premises Liability**

Under New York law, "[t]o succeed on a slip-and-fall negligence claim . . . a plaintiff must demonstrate the existence of a dangerous or defective condition and must show either that the defendant created a dangerous condition or that the defendant had actual or constructive knowledge of the condition." Taylor v. Manheim Remarketing, Inc., 752 Fed. App'x 94, 95 (2d Cir. 2019) (Summary Order) (internal quotations omitted). Plaintiff bears the burden of proof at trial in establishing these elements of her premises liability claim. *See* Tenay v. Culinary Teachers Association of Hyde Park, 281 Fed. App'x 11, 13 (2d Cir. 2008) (Summary Order).

Target argues that plaintiff cannot meet her burden of proof at trial since she cannot "establish, by any admissible evidence, that [Target] created the alleged hazard or that [they] had actual or constructive notice of the alleged hazard." Target's Memorandum of Law

[19-12], p. 5. In response, plaintiff limits her opposition solely to the issue of constructive notice and the elements related to that issue. Teti-DiVincenzo's Declaration in Opposition [23], ¶¶19-20. Therefore, the issue of constructive notice will only be addressed.

**C. Constructive Notice**

Since this case is a diversity action, it is incumbent to apply substantive state law. *See* Guaranty Trust Co. of New York v. York, 326 U.S. 99 (1945). However, "[t]he respective burdens that the parties bear in a summary judgment motion are procedural rather than substantive and are thus subject to federal rather than state law." Coolidge v. United States, 2015 WL 5714237, *4 (W.D.N.Y. 2015).

"To constitute constructive notice, a defect must be visible and apparent, and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it." *See* Tenay, 281 Fed. App'x at 14 (internal quotations omitted). To also satisfy constructive notice, "the plaintiff must prove not simply that the defendant was generally aware of the existence of the dangerous condition, but that the defendant had notice of the particular condition at issue." Taylor v. United States, 121 F.3d 86, 90 (2d Cir. 1997) (*citing* Gordon, 67 N.Y.2d at 838.) (internal quotations omitted).

"Constructive notice of a particular condition is inextricably intertwined with the concept of foreseeability." *See* Zilgme v. United States, 744 Fed. App'x 25, 26 (2d Cir. 2018) (Summary Order) (*citing* Taylor,121 F.3d at 89-91). Thus, "when knowledge of a broadly defined, generalized danger is imputed to a defendant, it is less likely that the defendant would reasonably foresee the particular risk of injury sustained by the plaintiff". Mombrea v. United States, 2012 WL 5288715, *6 (W.D.N.Y.), adopted, 2012 WL 5288714 (W.D.N.Y. 2012).

Furthermore, "[t]he facts of each case must be examined to determine whether the plaintiff has proven notice of a dangerous condition at a level of specificity sufficient to support liability." Taylor, 121 F.3d at 90 (internal quotations omitted). Mere speculation, presented by plaintiff, is insufficient to support a finding of constructive notice. *See* Mombrea, 2012 WL 5288715, *6 (*citing* Gordon, 67 N.Y. 2d. at 838).

### a. Was the Water Hazard Visible and Apparent?

Target argues the water hazard was "not visible and/or apparent prior to the fall" because plaintiff testified she never previously observed water in the store or area where she fell, except for on the shopping carts. Target's Memorandum of Law [19-12], p. 7-8. In support of its argument, Target relies on case law holding that "observations after an accident occurs are not evidence that a condition was visible and apparent prior to the accident. The legally meaningful time to notice a defective condition is before an accident." Melanson-Olimpio v. Wal-Mart Stores E., 2019 WL 1060625, *5 (S.D.N.Y. 2019); *see also* Gordon, 67 N.Y.2d. at 978. Plaintiff opposes Target's argument by citing to Navetta v. Onondaga Galleries Liability Company, 964 N.Y.S.2d 835 (4th Dept. 2013), which held that a question of fact can exist even if "plaintiff did not notice water on the floor before [s]he fell". Teti-DiVincenzo's Declaration of Opposition [23], ¶27.

Although factual similarities exist between this action and Navetta because both plaintiff and Pietraszek testified they observed the water hazard after and in close proximity to the fall, the Second Circuit has narrowed the scope of that ruling in Urrutia v. Target Corp., 681 Fed. App'x 102, 104 (2d Cir. 2017) (Summary Order). There, the grant of summary judgment was vacated because plaintiff saw clear liquid on the floor forty-five minutes before she slipped

and fell in the *same location* where she discovered water after her fall. See id. Unlike Urrutia, plaintiff never observed any water prior to her fall in the *particular* location where the fall occurred. Teti-DiVincenzo Deposition [19-8], p. 53. Instead, plaintiff only observed water on the shopping carts located inside the front doors in the carpeted area, rather than on the tiled floor where the water was first discovered. Id. at pp. 41, 51-52, 106; Pietraszek Deposition [19-9], pp. 20-21, 29. However, even if I were to conclude that plaintiff raised a material issue of fact that the water hazard was visible and apparent, plaintiff would nonetheless not be able to present admissible evidence demonstrating the length of time the water hazard had been present prior to her fall.

### b. Did the Water Hazard Exist for a Sufficient Length of Time for Target's Employees to Discover or Remedy It?

Target properly argues that the record contains no admissible evidence regarding the source of the water hazard or how long the water hazard remained on the floor prior to plaintiff's fall, therefore plaintiff cannot establish her burden of proving constructive notice. Graziano v. Target Corp., 2019 WL 1958019, *7 (E.D.N.Y. 2019); Painchault v. Target Corp., 2011 WL 4344150, *4 (E.D.N.Y. 2011) (to satisfy constructive notice, the record must contain evidence of "either how the substance got there or how long it was there before the fall"). Plaintiff attempts to refute Target's argument by citing to New York case law to demonstrate that Target failed to meet its burden because it never "submit[ted] evidence establishing when an inspection of the check-out area where th[e] incident occurred was last conducted". Teti-DiVincenzo's Declaration of Opposition [23], ¶26.

While plaintiff's argument may suffice in state court, her argument fails in federal courts because Target pointed to an absence of admissible evidence showing that plaintiff cannot

establish her constructive notice claim as a matter of law. *See* Painchault, 2011 WL 4344150, *3l (New York's "burden-shifting standard does not apply here, since, under the federal standard, the 'evidentiary burdens that the respective parties will bear at trial guide district courts in their determination of summary judgment motions'", *quoting* Tenay, 281 Fed. App'x at 12-13). Plaintiff has not presented admissible evidence regarding how long the water hazard remained on the floor prior to her fall, where the water originated from, and/or other witnesses stating they saw water on the floor before the fall. *See* Melanson, 2019 WL 1060625, *6 ("[i]n the absence of evidence as to the duration of time the liquid had been on the floor, a reasonable jury could not conclude that it had been on the floor for enough time before the accident to permit defendant's employees to discover and remedy it").

However, even if Target presented no admissible evidence of their inspections in the area where the plaintiff fell, the burden remains with the plaintiff to establish that Target had constructive notice.  However, she failed to meet that burden by not pointing to any admissible evidence that Target had constructive notice. *See* Castellanos v. Target Department Stores, Inc., 2013 WL 4017166, *5 (S.D.N.Y. 2013) ("Target's failure to present detailed evidence concerning its inspections of the premises does not preclude summary judgment, as the initial burden rests with the plaintiff to raise a triable question of fact that the defendant created or had notice of the dangerous condition"); *see also* Taylor v. Manheim Remarketing, Inc., 752 Fed. App'x 94, 95 (2d Cir. 2019)(Summary Order) ("[plaintiff] has not shown that there is a material dispute of fact that [defendant] failed to engage in reasonable inspections and that reasonable inspections would have revealed the alleged defective condition").

**CONCLUSION**

For these reasons, I recommend that Target's motion for summary judgment [19] be granted.  Unless otherwise ordered by Judge Vilardo, any objections to this Report and Recommendation must be filed with the clerk of this court by August 5, 2019. Any requests for extension of this deadline must be made to Judge Vilardo.

A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985). Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge".  Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: July 22, 2019

    /s/ Jeremiah J. McCarthy
    JEREMIAH J. MCCARTHY
    United States Magistrate Judge